FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq.
Glenn S. Grindlinger, Esq.
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD MOSES, individually and on behalf of all other similarly situated employees, RYAN DUNCAN, individually and on behalf of all other similarly situated employees, and O'NEIL DENNIS, individually and on behalf of all other similarly situated employees,<br><br>Plaintiffs,<br><br>-against-<br><br>BLOCKHEAD'S BURRITOS, INC. d/b/a BLOCKHEADS BURRITOS, RAM EATS, LLC d/b/a BLOCKHEADS BURRITOS, EGG WHITE, INC. d/b/a/ BLOCKHEADS BURRITOS, KEN SOFER, and DON SOFER,<br><br>Defendants. | **ECF Case**<br><br>**No. 14-cv-3075**<br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES** |

Defendants Blockhead's Burritos, Inc. d/b/a Blockheads Burritos, Ram Eats, LLC d/b/a Blockheads Burritos, Egg White, Inc. d/b/a/ Blockheads Burritos, Ken Sofer, and Don Sofer (collectively "Defendants"), by their attorneys, Fox Rothschild LLP, hereby answer the Complaint dated April 30, 2014 ("Complaint") filed by Plaintiffs Richard Moses, Ryan Duncan, and O'Neil Dennis (collectively "Plaintiff") as follows.

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

ACTIVE 25732032v1

## NATURE OF THE ACTION

1.      Defendants deny the allegations set forth in Paragraph "1" of the Complaint, except they admit that: (i) there are establishments known as "Blockheads Burritos" located at 951 Amsterdam Avenue, New York, New York, 1563 Second Avenue, New York, New York, 499 Third Avenue, New York, New York, 945 Second Avenue, New York, New York, 175 West 90th Street, New York, New York, and 322 West 50th Street, New York, New York, (ii) there is an establishment known as Benny' Burritos located at 113 Greenwich Avenue, New York, new York, and (iii) there is an establishment known as Mother Burger located at 329 West 49th Street.

2.      Defendants deny the allegations set forth in Paragraph "2" of the Complaint, except that at various times, Ram Eats, LLC and/or Egg White, Inc. employed Plaintiffs.

3.      Defendants deny the allegations set forth in Paragraph "3" of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph "4" of the Complaint, except they admit that Plaintiff Dennis was previously employed by Egg White Inc. and Ram Eats LLC.

5.      Defendants deny the allegations set forth in Paragraph "5" of the Complaint.

6.      Defendants deny the allegations set forth in Paragraph "6" of the Complaint.

7.      Defendants deny the allegations set forth in Paragraph "7" of the Complaint.

8.      Defendants deny the allegations set forth in Paragraph "8" of the Complaint.

9.      Defendants deny the allegations set forth in Paragraph "9" of the Complaint, except they admit that Plaintiffs purport to bring this action pursuant to the statutes and regulations referenced in paragraph "9" of the Complaint and that Plaintiffs seek allegedly unpaid minimum wages, overtime wages, spread-of-hours pay, interest, attorneys' fees, costs, and injunctive and declaratory relief.

ACTIVE 25732032v1

## JURISDICTION AND VENUE

10.     Defendants admit that Plaintiff has invoked the jurisdiction of the Court under the statutes referenced in Paragraph "10" of the Complaint. The remainder of the allegations in Paragraph "10" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

11.     Defendants admit that Plaintiff has invoked the supplemental jurisdiction of the Court under the statute referenced in Paragraph "11" of the Complaint. The remainder of the allegations in Paragraph "11" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations

12.     The allegations set forth in Paragraph "12" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

13.     Defendants deny the allegations set forth in Paragraph "13" of the Complaint.

14.     The allegations set forth in Paragraph "14" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

15.     The allegations set forth in Paragraph "15" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

16.     Defendants deny the allegations set forth in Paragraph "16" of the Complaint.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

ACTIVE 25732032v1

18.     Defendants admit that Plaintiff has laid venue in this district as set forth in Paragraph "18" of the Complaint.  The remainder of the allegations in Paragraph "18" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

## PARTIES

19.     Defendants deny the allegations set forth in Paragraph "19" of the Complaint, except they admit that Plaintiff Moses was previously employed by Ram Eats LLC as a delivery person and Defendants lack knowledge or information sufficient to form a belief as to Plaintiff Moses' residence.

20.     Defendants deny the allegations set forth in Paragraph "20" of the Complaint, except they admit that Plaintiff Duncan was previously employed by Ram Eats LLC as a delivery person and Defendants lack knowledge or information sufficient to form a belief as to Plaintiff Duncan's residence.

21.     Defendants deny the allegations set forth in Paragraph "21" of the Complaint, except they admit that Plaintiff Dennis was previously employed by Ram Eats LLC as a bartender and Defendants lack knowledge or information sufficient to form a belief as to Plaintiff Dennis' residence.

22.     Defendants deny the allegations set forth in Paragraph "22" of the Complaint, except they admit that Defendants Ken Sofer and Don Sofer are shareholders of the corporate defendants.

23.     Defendants deny the allegations set forth in Paragraph "23" of the Complaint, except they admit that Blockhead's Burritos, Inc. is a New York Corporation.

24.     Defendants admit the allegations set forth in Paragraph "24" of the Complaint.

4

25. Defendants admit the allegations set forth in Paragraph "25" of the Complaint.

26. Defendants admit that Plaintiffs intend to refer to Blockhead's Burritos, Inc., Ram Eats LLC and Egg White, Inc. collectively as the "Defendant Corporations" set forth in Paragraph "26".

27. Defendants deny the allegations set forth in Paragraph "13" of the Complaint, except they admit that Ken Sofer has an ownership interest in the Defendant Corporations.

28. Defendants deny the allegations set forth in Paragraph "28" of the Complaint, except they admit that Don Sofer has an ownership interest in the Defendant Corporations.

## BLOCKHEADS IS A UNIFIED EMPLOYER

29. Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

31. Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36. The allegations set forth in Paragraph "36" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint and subparts "a-h" that follow Paragraph "37" of the Complaint.

## FACTS SPECIFIC TO PLAINTIFF RICHARD MOSES

38.    Defendants deny the allegations set forth in Paragraph "38" of the Complaint, except they admit that Plaintiff Moses was hired by Ram Eats LLC in 2013 to work at its 951 Amsterdam Avenue, New York, New York location.

39.    Defendants admit the allegations set forth in Paragraph "39" of the Complaint.

40.    Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41.    Defendants deny the allegations set forth in Paragraph "41" of the Complaint, except Ram Eats LLC admits that it lawfully took a tip credit towards its minimum wage obligations for Plaintiff Moses.

42.    The allegations set forth in Paragraph "42" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

43.    Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44.    Defendants deny the allegations set forth in Paragraph "44" of the Complaint, except they admit that Ram Eats LLC never paid Plaintiff Moses overtime and specifically aver that Plaintiff Moses was never paid overtime because he was not entitled to overtime because, among other reasons, he never worked more than 40 hours during any workweek.

45.    Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46.    Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47.    Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48.    Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49.    Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50.    Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

## FACTS SPECIFIC TO PLAINTIFF RYAN DUNCAN

53.     Defendants deny the allegations set forth in Paragraph "53" of the Complaint, except they admit that Plaintiff Duncan was hired by Ram Eats LLC in June 2013 to work at its 951 Amsterdam Avenue, New York, New York location.

54.     Defendants deny the allegations set forth in Paragraph "54" of the Complaint, except they admit that Ram Eats LLC terminated Plaintiff Duncan's employment in 2013.

55.     Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56.     The allegations set forth in Paragraph "56" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

57.     Defendants deny the allegations set forth in Paragraph "57" of the Complaint, except Ram Eats LLC admits that it lawfully took a tip credit towards its minimum wage obligations for Plaintiff Duncan.

58.     Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph "59" of the Complaint, except they admit that Ram Eats LLC never paid Plaintiff Duncan overtime and specifically aver that Plaintiff Duncan was never paid overtime because he was not entitled to overtime because, among other reasons, he never worked more than 40 hours during any workweek.

60.     Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

ACTIVE 25732032v1

63.     Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64.     Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

65.     Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

66.     Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

## FACTS SPECIFIC TO PLAINTIFF O'NEIL DENNIS

67.     Defendants deny the allegations set forth in Paragraph "67" of the Complaint, except they admit that Plaintiff worked as a bartender.

68.     Defendants deny the allegations set forth in Paragraph "68" of the Complaint, except they admit that Egg White Inc. terminated Plaintiff Dennis' employment in March 2014.

69.     Defendants deny the allegations set forth in Paragraph "69" of the Complaint.

70.     The allegations set forth in Paragraph "70" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

71.     Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph "72" of the Complaint.

73.     Defendants deny the allegations set forth in Paragraph "73" of the Complaint.

74.     Defendants deny the allegations set forth in Paragraph "74" of the Complaint.

75.     Defendants deny the allegations set forth in Paragraph "75" of the Complaint.

76.     Defendants deny the allegations set forth in Paragraph "76" of the Complaint.

77.     Defendants deny the allegations set forth in Paragraph "77" of the Complaint.

78.     Defendants admit the allegations set forth in Paragraph "78" of the Complaint, and specifically aver that Defendants did not take a tip credit towards their minimum wage obligations to Plaintiff Dennis.

## FACTS REGARDING RETALIATION

79.     Defendants deny the allegations set forth in Paragraph "79" of the Complaint.

80.     Defendants deny the allegations set forth in Paragraph "80" of the Complaint.

81.     Defendants lack knowledge or information sufficient to forth a belief as to how long Plaintiff Duncan was looking for work after his employment with Ram Eats LLC terminated.

## CLASS AND COLLECTIVE ALLEGATIONS

82.     Defendants deny the allegations set forth in Paragraph "82" of the Complaint, except they admit that Plaintiffs purport to bring this action under the Fair Labor Standards Act "on behalf of themselves and all delivery persons and bartenders employed at or by Defendants from April 30, 2011 through trial of this action who elect to opt-in to [*sic*] this action."

83.     Defendants deny the allegations set forth in Paragraph "83" of the Complaint.

84.     Defendants deny the allegations set forth in Paragraph "84" of the Complaint, except they admit that Plaintiffs purport to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure "on behalf of themselves and all delivery persons and bartenders employed at Defendants from April 30, 2008 through trial of this action."

85.     Defendants deny the allegations set forth in Paragraph "85" of the Complaint.

86.     Defendants deny the allegations set forth in Paragraph "86" of the Complaint.

87.     Defendants deny the allegations set forth in Paragraph "87" of the Complaint.

88.     Defendants deny the allegations set forth in Paragraph "88" of the Complaint.

89.     Defendants deny the allegations set forth in Paragraph "89" of the Complaint and subparts "a-i" that follow Paragraph "89" of the Complaint.

90.     Defendants deny the allegations set forth in Paragraph "90" of the Complaint.

ACTIVE 25732032v1

91. Defendants deny the allegations set forth in Paragraph "91" of the Complaint,

92. Defendants deny the allegations set forth in Paragraph "92" of the Complaint.

93. Defendants deny the allegations set forth in Paragraph "93" of the Complaint.

**Defendants' General Employment Practices Are Applicable to the
Plaintiffs and All Similarly Situated Employees**

94. Defendants deny the allegations set forth in Paragraph "94" of the Complaint.

95. Defendants deny the allegations set forth in Paragraph "95" of the Complaint.

96. Defendants deny the allegations set forth in Paragraph "96" of the Complaint.

97. Defendants deny the allegations set forth in Paragraph "97" of the Complaint.

98. Defendants deny the allegations set forth in Paragraph "98" of the Complaint.

99. Defendants deny the allegations set forth in Paragraph "99" of the Complaint.

100. Defendants deny the allegations set forth in Paragraph "100" of the Complaint.

101. Defendants deny the allegations set forth in Paragraph "101" of the Complaint.

102. Defendants deny the allegations set forth in Paragraph "102" of the Complaint.

103. Defendants deny the allegations set forth in Paragraph "103" of the Complaint.

104. Defendants deny the allegations set forth in Paragraph "104" of the Complaint.

105. Defendants deny the allegations set forth in Paragraph "105" of the Complaint.

106. Defendants deny the allegations set forth in Paragraph "106" of the Complaint.

107. The allegations set forth in Paragraph "107" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

108. Defendants deny the allegations set forth in Paragraph "108" of the Complaint.

109. Defendants deny the allegations set forth in Paragraph "109" of the Complaint.

110.    The allegations set forth in Paragraph "110" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

111.    Defendants deny the allegations set forth in Paragraph "111" of the Complaint.

112.    Defendants deny the allegations set forth in Paragraph "112" of the Complaint.

113.    Defendants deny the allegations set forth in Paragraph "113" of the Complaint.

114.    Defendants deny the allegations set forth in Paragraph "114" of the Complaint.

115.    Defendants deny the allegations set forth in Paragraph "115" of the Complaint.

116.    Defendants deny the allegations set forth in Paragraph "116" of the Complaint.

117.    Defendants deny the allegations set forth in Paragraph "117" of the Complaint.

118.    Defendants deny the allegations set forth in Paragraph "118" of the Complaint.

119.    Defendants deny the allegations set forth in Paragraph "119" of the Complaint.

120.    Defendants deny the allegations set forth in Paragraph "120" of the Complaint.

121.    Defendants deny the allegations set forth in Paragraph "121" of the Complaint.

**Illegal Deductions – "tools of the Trade"**

122.    Defendants deny the allegations set forth in Paragraph "122" of the Complaint.

123.    Defendants deny the allegations set forth in Paragraph "123" of the Complaint.

124.    Defendants deny the allegations set forth in Paragraph "124" of the Complaint.

125.    Defendants deny the allegations set forth in Paragraph "125" of the Complaint.

126.    Defendants deny the allegations set forth in Paragraph "126" of the Complaint.

ACTIVE 25732032v1

**No Spread-of-Hours Pay**

127.    The allegations set forth in Paragraph "127" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

128.    Defendants deny the allegations set forth in Paragraph "128" of the Complaint.

129.    Defendants deny the allegations set forth in Paragraph "129" of the Complaint.

130.    Defendants deny the allegations set forth in Paragraph "130" of the Complaint.

**Defendants Do Not Provide Statutorily-Required Breaks**

131.    The allegations set forth in Paragraph "131" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

132.    Defendants deny the allegations set forth in Paragraph "132" of the Complaint.

133.    Defendants deny the allegations set forth in Paragraph "133" of the Complaint.

134.    Defendants deny the allegations set forth in Paragraph "134" of the Complaint.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act – Failure to Pay Minimum Wages)**
**(Brought on Behalf of Plaintiffs and all FLSA Class Members)**

135.    In response to Paragraph "135" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

136.    Defendants deny the allegations set forth in Paragraph "136" of the Complaint.

137.    Defendants deny the allegations set forth in Paragraph "137" of the Complaint.

138.    Defendants deny the allegations set forth in Paragraph "138" of the Complaint.

139.    Defendants deny the allegations set forth in Paragraph "139" of the Complaint.

140.    Defendants deny the allegations set forth in Paragraph "140" of the Complaint.

ACTIVE 25732032v1

## SECOND CAUSE OF ACTION
### (Fair Labor Standards Act – Failure to Pay Over-time [*sic*])
### (Brought on Behalf of Plaintiffs and all FLSA Class Members)

141.    In response to Paragraph "141" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

142.    Defendants deny the allegations set forth in Paragraph "142" of the Complaint.

143.    The allegations set forth in Paragraph "143" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

144.    The allegations set forth in Paragraph "144" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

145.    The allegations set forth in Paragraph "145" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

146.    Defendants deny the allegations set forth in Paragraph "146" of the Complaint.

147.    Defendants deny the allegations set forth in Paragraph "147" of the Complaint.

148.    Defendants deny the allegations set forth in Paragraph "148" of the Complaint.

149.    Defendants deny the allegations set forth in Paragraph "149" of the Complaint.

150.    Defendants deny the allegations set forth in Paragraph "150" of the Complaint.

## THIRD CAUSE OF ACTION
### (New York Labor Law: Unpaid Minimum and Over-time [*sic*] Wages)
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

151.    In response to Paragraph "151" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

13

152.    The allegations set forth in Paragraph "152" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

153.    The allegations set forth in Paragraph "153" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

154.    Defendants deny the allegations set forth in Paragraph "154" of the Complaint.

155.    Defendants deny the allegations set forth in Paragraph "155" of the Complaint.

156.    Defendants deny the allegations set forth in Paragraph "156" of the Complaint.

157.    Defendants deny the allegations set forth in Paragraph "157" of the Complaint.

158.    Defendants deny the allegations set forth in Paragraph "158" of the Complaint.

### FOURTH CAUSE OF ACTION
### (Violation of the Notice and Recordkeeping
### Requirements of the New York Labor Law)
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

159.    In response to Paragraph "159" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

160.    Defendants deny the allegations set forth in Paragraph "160" of the Complaint.

161.    Defendants deny the allegations set forth in Paragraph "161" of the Complaint.

### FIFTH CAUSE OF ACTION
### (Violation of the Wage Statement Provisions of the New York Labor Law)
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

162.    In response to Paragraph "162" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

163.    Defendants deny the allegations set forth in Paragraph "163" of the Complaint.

164.    Defendants deny the allegations set forth in Paragraph "164" of the Complaint.

14

## SIXTH CAUSE OF ACTION
### (Violation of NYLL – Unpaid Wages)
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

165.    In response to Paragraph "165" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

166.    The allegations set forth in Paragraph "166" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

167.    Defendants deny the allegations set forth in Paragraph "167" of the Complaint.

168.    Defendants deny the allegations set forth in Paragraph "168" of the Complaint.

169.    Defendants deny the allegations set forth in Paragraph "169" of the Complaint.

## SEVENTH CAUSE OF ACTION
### (Violation of NYLL – Failure to Provide Meal Periods)
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

170.    In response to Paragraph "170" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

171.    The allegations set forth in Paragraph "171" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

172.    Defendants deny the allegations set forth in Paragraph "172" of the Complaint.

173.    Defendants deny the allegations set forth in Paragraph "173" of the Complaint.

## EIGHTH CAUSE OF ACTION
### (Violation of NYLL – Failure to Proivd Notice and Information about Employment Laws)
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

174.    In response to Paragraph "174" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

ACTIVE 25732032v1

175.    The allegations set forth in Paragraph "175" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

176.    Defendants deny the allegations set forth in Paragraph "176" of the Complaint.

177.    Defendants deny the allegations set forth in Paragraph "177" of the Complaint.

**NINTH CAUSE OF ACTION**
**(Fair Labor Standards Act -- Retaliation)**
**(Against all Defendants by Plaintiff Duncan)**

178.    In response to Paragraph "178" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

179.    The allegations set forth in Paragraph "179" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

180.    The allegations set forth in Paragraph "180" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

181.    Defendants deny the allegations set forth in Paragraph "181" of the Complaint.

182.    Defendants deny the allegations set forth in Paragraph "182" of the Complaint.

183.    Defendants deny the allegations set forth in Paragraph "183" of the Complaint.

**PRAYER FOR RELIEF**

184.    In response to the paragraph and sub-paragraphs "A-O" that follow the phrase "WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated ...," Defendants deny the allegations set forth in that paragraph and the sub-paragraphs and affirmatively aver that Plaintiffs and any purported class or collective, the existence of which is

ACTIVE 25732032v1

affirmatively denied by Defendants, are not entitled to any of the relief requested or any other relief.

185.    Defendants admit that Plaintiffs seek a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) and Defendants affirmatively deny that Plaintiff is entitled to a jury trial.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

186.    The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

187.    To the extent Plaintiffs and putative collective and/or class action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

### THIRD AFFIRMATIVE DEFENSE

188.    At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

### FOURTH AFFIRMATIVE DEFENSE

189.    With respect to some or all of the claims brought or allegedly brought by Plaintiffs on behalf of themselves and/or on behalf of any putative class or collective action, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and

17

with reasonable grounds for believing that they were in complete compliance with applicable law.

### FIFTH AFFIRMATIVE DEFENSE

190.    Plaintiffs cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. §216(b) because, *inter alia*, they are not similarly situated to members of the purported collective.

### SIXTH AFFIRMATIVE DEFENSE

191.    Plaintiffs are precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

### SEVENTH AFFIRMATIVE DEFENSE

192.    Plaintiffs may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiffs or any alleged member of any purported class or collective action, the existence of which Defendants affirmatively deny; and (3) Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

### EIGHTH AFFIRMATIVE DEFENSE

193.    Plaintiffs are precluded from recovering any amounts from Defendants for failure to pay compensation for hours worked because such time was worked without manager knowledge or approval.

18

## NINTH AFFIRMATIVE DEFENSE

194.    The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law.

## TENTH AFFIRMATIVE DEFENSE

195.    The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

196.    Plaintiffs' state law claims cannot proceed as a class action under the Federal Rules of Civil Procedure because the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and its collective action procedure mechanism preempt state law that might otherwise permit class action treatment.

## TWELFTH AFFIRMATIVE DEFENSE

197.    Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

198.    Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiffs' own acts, omissions, or conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

199.    Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written

administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## FIFTEENTH AFFIRMATIVE DEFENSE

200.    Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exclusions, exceptions, or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

201.    Plaintiffs' claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947 and/or New York law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

202.    Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## EIGHTEENTH AFFIRMATIVE DEFENSES

203.    Plaintiffs have failed to satisfy the conditions precedent for asserting a retaliation claim under 29 U.S.C. § 215 as interpreted by the United States Court of Appeals for the Second Circuit in *Lambert v. Genesee Hospital*, 10 F. 3d 46, 55 (2d Cir. 1993). *See Kassman v. KPMG LLP*, 11 Civ. 3743, 2013 WL 452913 at *16 n. 6 (S.D.N.Y. Feb, 7, 2013); *Hyunmi Son v. Reina Bijoux, Inc.*, 823 F.Supp. 2d 238, 243–44 (S.D.N.Y. 2011).

## NINETEENTH AFFIRMATIVE DEFENSE

204.    Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to it through discovery.

ACTIVE 25732032v1

## DEFENDANTS' PRAYER FOR RELIEF

205.    Except as expressly admitted and alleged herein, Defendants deny each and every allegation set forth in the Complaint and deny Plaintiffs are entitled to any relief whatsoever. Further, Defendants deny the existence of any purported collective, class, or group of persons who Plaintiffs purport to represent.

WHEREFORE, having fully answered and responded to the allegations of the Complaint, Defendants respectfully request that:

A.    Plaintiffs' individual claims be dismissed with prejudice in their entirety;

B.    Collective action status be denied or, in the alternative, that all collective claims be dismissed with prejudice;

C.    Class action status be denied or, in the alternative, that all class claims be dismissed with prejudice;

D.    Each and every request for relief in the Complaint be denied;

E.    Judgment be entered against Plaintiffs and for Defendants;

F.    Defendants be awarded their costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

G.    Defendants be granted such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        May 27, 2014

FOX ROTHSCHILD LLP

By: _____
    Carolyn D. Richmond
    Glenn S. Grindlinger
    100 Park Avenue, Suite 1500
    New York, New York 10017
    (212) 878-7900

*Attorneys for Defendants*